UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JACK CARLISLE, | ) | Case No.: 1:09 CV 2590 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| VINCENT HOLLAND, WARDEN, | ) | |
| | ) | |
| Respondent | ) | ORDER |

On November 6, 2009, Petitioner Jack Carlisle ("Carlisle") filed a Petition for Writ of Habeas Corpus ("Petition," ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction for kidnapping and gross sexual imposition. Carlisle raised one ground for relief in his Petition: "deni[al] of his constitutional right to confrontation, his right to present a defense and his rights to due process and a fair trial when the trial court barred him from presenting evidence that the complaining witness had claimed other family members had committed the sexual abuse charged in this case." (*Id*. at 5.)

This case was referred to Magistrate Judge Greg White for preparation of a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation ("R & R") on February 8, 2011, recommending that final judgment be entered in favor of the Respondent and that Carlisle's Petition be denied. (ECF No. 28.) Specifically, the Magistrate Judge first found that Carlisle had offered no evidence that the victim, K.C., was sexually assaulted by anyone else within

36 hours of K.C.'s examination by her doctor. (*Id*. at 18.) The doctor had stated that the assault had to have occurred within this 36-hour window. (*Id*.) Carlisle's own counsel acknowledged at trial that any other allegations of abuse outside the 36-hour window would not be admissible. (*Id*.) Magistrate Judge White next found that the records from Children's Services were properly excluded on the grounds of hearsay or relevance, or that Ohio's Rape Shield law barred them. (*Id*. at 18-19, 21.) The Magistrate Judge then found that records from University Hospitals were also properly excluded, as any testimony on them would have been too speculative, in light of the fact they contain notes from a social worker, of a statement from K.C.'s guardian, on what K.C. had told her. (*Id*. at 21-22.) The guardian represented that K.C. claimed that she had been sexually abused by her siblings, and that K.C.'s story was changing. (*Id*.) However, there has been no foundation established that this alleged abuse occurred within the 36-hour window. (*Id*.) The Magistrate Judge also found that Petitioner was not prevented from cross-examining K.C. concerning the allegations of abuse by her brothers contained in the Children's Services records. (*Id*. at 22.) Lastly, Magistrate Judge White found that the trial court did not prohibit defense counsel at Carlisle's second trial from questioning K.C. on whether her brother, Kh.C., may have been her abuser, given that the testimony demonstrates defense counsel was allowed to engage in such questioning. (*Id*. at 23-26.) In addition, Kh.C. testified at trial, and defense counsel cross-examined him. (*Id*.) Therefore, Petitioner's arguments that he was denied the right to a defense, right to confront the witnesses, right to due process, and right to a fair trial, are meritless.

Carlisle filed Objections to the Report and Recommendation on March 25, 2011. (ECF No. 32.) Carlisle's Objections are not well-taken. Petitioner contends that the factual history relied on by the Magistrate Judge from the State Court of Appeals' opinion is problematic because it

overlooks two facts that support his claim of innocence: "1) that he was too physically ill to have committed this offense; 2) and someone else did it." (*Id.* at 32.) However, the R & R does include within the fact section the claims from Carlisle that he was too physically ill and that he had not had sex in three or four years. (R & R at 4.) This claim, though, is disputed by his wife's contention that they had sex within the past six to seven months. (*Id.*) As to his claims that someone else did it, as discussed above, Petitioner has not provided any proof that someone else committed the abuse within the 36-hour window. Petitioner claims that he sought discovery on a recent charge of rape against one of the victim's brothers, M.C., to demonstrate someone else committed the abuse, but had his motion denied by the Magistrate Judge. However, as the Magistrate Judge stated, "[t]he allegation of sexual abuse by M.C. against K.C. is not new to this matter, and the delinquency proceedings is unrelated to the conviction of Carlisle. Furthermore, the issue of whether M.C. is capable or was capable of sexually abusing a young child is immaterial as to whether Carlisle's conviction violated clearly established federal law." (Order at 1-2, ECF No. 29.) Therefore, both of these facts were properly excluded from the fact section, as they are not supported by the record, or relevant to this court's decision.[1]

Carlisle's other objections to the Magistrate Judge's Report and Recommendation largely reiterate the same arguments contained in his prior briefing (ECF No. 13) before the Magistrate Judge. Petitioner also argues that the Magistrate Judge improperly deferred to the trial court instead

---

[1] Petitioner also objects to the procedural history cited by the Magistrate Judge because he omitted the Ohio Supreme Court's acceptance of jurisdiction over Petitioner's appeal of the State Court of Appeals' ruling that reversed the trial court's modification of his sentence. (Objection at 3-4.) However, the R & R was filed on February 8, 2006, and the Ohio Supreme Court accepted jurisdiction on March 2, 2011. Therefore, the Magistrate Judge did not omit this information.

of reviewing the state court decision *de novo*. The court finds none of these arguments to be persuasive.

After carefully reviewing the Report and Recommendation, Petitioner's Objections, and all other relevant materials in the record, the court finds that the Magistrate Judge's conclusions are fully supported by the record and the controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation. (ECF No. 28.)

Consequently, Carlisle's Petition is hereby denied, and final judgment is entered in favor of Respondent. The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

May 26, 2011